1  BRENT J. NEWELL, California Bar No. 210,312
   LUKE W. COLE, California Bar No. 145,505
2  AVINASH KAR, California Bar No. 240,190
   Center on Race, Poverty & the Environment
3  450 Geary Street, Suite 500
   San Francisco, CA 94102
4  (415) 346-4179
   (415) 346-8723 fax
5
6  CAROLINE FARRELL, California Bar No. 202,871
   Center on Race, Poverty & the Environment
7  1302 Jefferson Street, Suite 2
   Delano, CA 93215
8  (661) 720-9140
   (661) 720-9483 fax
9
   Attorneys for Plaintiffs
10

11                  **IN THE U.S. DISTRICT COURT**

12          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13                      **FRESNO DIVISION**

14

15  ASSOCIATION OF IRRITATED RESIDENTS, an    )    NO. 1:05-CV-01593-AWI-SMS
    unincorporated association,               )
16                                            )    **STIPULATION AND**
          Plaintiff,                          )    **PROTECTIVE ORDER RE:**
17                                            )    **DOCUMENTS PRODUCED**
          v.                                  )    **PURSUANT TO PLAINTIFF'S**
18                                            )    **INTERROGATORIES NOS. 5**
    C&R VANDERHAM DAIRY, a California          )    **AND 7 AND REQUESTS FOR**
19  Proprietorship, and RICK VANDERHAM and     )    **PRODUCTION NOS. 6, 17, 18,**
    CORRIE VANDERHAM, owners and operators,    )    **20, AND 22**
20                                            )
          Defendants.                         )
21                                            )    O**RDER**
                                              )
22                                            )
                                              )
23  _____    )

24

25       Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the

26  parties to this action, and for good cause shown, it is hereby Ordered:

27

28

1.    As used in this order, the term "Protected Information" means  information disclosed or produced, in any form, by Defendants C&R Vanderham Dairy, Rick Vanderham, and Corrie Vanderham (hereafter "Vanderham") pursuant to Plaintiff's Interrogatories Nos. 5 and 7 and Requests for Production Nos. 6, 17, 18, 20, and 22 (collectively "Discovery Requests") that Vanderham designates as such in the manner specified below.  Protected Information includes all copies and reproductions made of such information disclosed  pursuant to Plaintiff's Discovery Requests in whole or in part, and all notes, summaries, abstracts, or other memoranda prepared therefrom.

2.    Vanderham shall designate information which it wishes to be Protected Information by stamping or labeling the information "Confidential" or "Proprietary" or by designating the documents as "Confidential" in writing (e.g., by making a written designation that documents bearing certain Bates numbers are "Confidential").  If Protected Information is disclosed orally rather than in documentary form, the information may be designated verbally as "Confidential" or "Proprietary."  Vanderham shall not designate any information as Protected Information except to the extent that it has conducted a good faith review to determine that such information really is and should be treated as proprietary or confidential commercial information.

3.    Protected Information shall not be disclosed or used by Plaintiff Association of Irritated Residents ("AIR"), members of AIR, or by anyone acting on AIR's behalf except for purposes of litigation of this action, including settlement negotiations, pretrial proceedings, preparation for trial, trial, and any appeal.

4.    Protected Information shall be produced by Vanderham to the attorneys for AIR. AIR's attorneys may make such copies of all or part of Protected Information as they deem necessary for purposes of this action.  Any such copies shall be protected in the same manner as the originals.

5.    AIR's attorneys may disclose Protected Information only as follows:

      a.     AIR's attorneys may disclose Protected Information to their staff, including legal interns, working with them for purposes of these proceedings, all of whom are bound by this order without signing a copy

1

1   of it;

2          b.   AIR's attorneys may disclose Protected Information to such persons with

3   whom they consult, or whom they retain, for purposes of preparation for

4   trial, trial proceedings, any other proceedings in this action (including

5   settlements), or any appeal, but only if, prior to such disclosure, the person

6   to whom the Protected Information is disclosed signs an agreement to be

7   bound by this order; and

8          c.   AIR's attorneys may disclose Protected Information to any person being

9   deposed by AIR's attorneys, provided that the portions of the transcript

10   (including exhibits) containing Protected Information are protected in

11   accordance with this order, and provided further that prior to such

12   disclosure the deposition reporter, the deponent, and any other persons

13   present other than the parties' attorneys sign an agreement to be bound by

14   this order or agree on the record of the deposition to be bound by this

15   order.  If the deponent discloses Protected Information during the

16   deposition, the deponent must identify such information as protected and

17   that information shall be protected in accordance with this order.

18       6.   Any party may file with this Court such documents containing Protected Information

19   as the party deems necessary.

20       7.   Attorneys for AIR shall make no disclosures of Protected Information not expressly

21   permitted by this order without the prior written consent of Vanderham's attorneys.  If AIR's

22   attorneys are unable to obtain such consent, AIR may move the Court for an order permitting

23   such additional disclosure, provided that Vanderham's attorneys are given at least 5 business

24   days written notice of the motion to permit Vanderham's attorneys to object.  If Vanderham's

25   attorneys file written objections, disclosure shall not be made unless the Court overrules the

26   objections.

27       8.   Within 60 days after the conclusion of this action, the attorneys for AIR shall (a)

28   obtain all Protected Information, including notes of orally disclosed protected information, from

1   the persons to whom they have disclosed it and shall then destroy all Protected Information in

2   their possession, and (b) forward copies of all signed agreements to be bound by this protective

3   order to Vanderham's attorneys.  The terms of this order shall survive the conclusion of this

4   action unless otherwise agreed by all parties in writing.

5

6      **APPROVED AS TO FORM AND CONTENT:**

7

8                      CENTER ON RACE, POVERTY & THE
                        ENVIRONMENT

9

10                     /s/Avinash Kar
                     Avinash Kar

11                     Attorney for Plaintiff
                     Association of Irritated Residents

12

13                     DAVID R. ALBERS, INC.

14

15                     /s/ David R. Albers
                     David R. Albers
                     Attorney for Defendants

16                     C&R Vanderham Dairy, Rick Vanderham,
                     and Corrie Vanderham

17

18

19   IT IS SO ORDERED.

20   **Dated:     October 31, 2006**                **/s/ Sandra M. Snyder**
  icido3                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28