**FILED**

MAR 11 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, <br><br> Plaintiff, <br><br> vs. <br><br> C & R VANDERHAM DAIRY, et al., <br><br> Defendants. | No. CV-F-05-1593 OWW/SMS <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION WITHOUT PREJUDICE (Doc. 162) AND STAYING ACTION FOR ALL PURPOSES PENDING EPA RULEMAKING PROCESS AND SUBSEQUENT JUDICIAL REVEIW |

    Plaintiff moved for summary judgment that Defendants have violated and continue to violate California's State Implementation Plan (SIP) by violating the San Joaquin Air Quality Management District's Rules 2010 and 2201.

    By Memorandum Decision and Order filed on September 25, 2007 (September 27 Order), summary judgment was granted for Plaintiff that Defendants violated District Rule 2010 by failing to obtain an Authority to Construct (ATC) Permit; that Defendants violated District Rule 2201 § 4.1.1 by failing to install the Best

1

1  Available Control Technology (BACT); and that Defendants violated
2  District Rule 2201 § 4.5 by failing to purchase offsets.  Summary
3  judgment for Plaintiff was denied as to the days of violation.

4      On November 29, 2007, Defendants filed a motion for
5  reconsideration (Doc. 162), based on the discovery of an
6  agricultural exemption contained with the original SIP that
7  exempts Defendants from having to obtain an ATC permit, install
8  BACT and obtain offset credits.  Defendants asserts that the
9  existence of this agricultural exemption would have likely
10 changed the outcome of Plaintiff's motion for summary judgment
11 and "highlights the need to consider EPA and the District's
12 intent in creating the SIP [because] EPA and the District never
13 intended to regulate 'small' sources of emissions, like
14 Defendants' C & R Vanderham Dairy."

15     On February 1, 2008, Defendants filed a Notice of New
16 Evidence and/or Law Material to Defendants' Motion for
17 Reconsideration, (Doc. 180), and a Request for Judicial Notice,
18 (Doc. 181).  These papers advised that the Regional Administrator
19 for the EPA Region IX signed a proposed rule on January 31, 2008
20 entitled "Revisions to the California State Implementation Plan,
21 San Joaquin Valley Unified Air Pollution Control District" by
22 which EPA proposes to correct an alleged error it made in the May
23 2004 final approval of the San Joaquin Valley Unified Air
24 Pollution Control District's portion of the California SIP and to
25 approve the District's 2006 revisions to District Rules 2020 and
26 2201 explicitly limiting the applicability of new source

1  permitting requirements to certain minor sources and limiting the
2  applicability of offset requirements for all minor sources
3  consistent with criteria idenitified in state law.
4      At the February 4, 2008 hearing on Defendants' Motion for
5  Reconsideration, a stay of all proceedings in this case was
6  discussed and ordered pending the EPA's final action on the
7  proposed rule and any judicial review of that final rulemaking.
8      Plaintiff also requested leave to reopen discovery and to
9  conduct limited discovery.  At the hearing, the Court orally
10 allowed discovery to be reopened "for the limited purposes of
11 allowing inquiry into the circumstances about the repromulgation,
12 the alleged mistake, the history and, if you will, the agency
13 action and administrative activity that has occurred with respect
14 to how this mistake was discovered and how the proposed rule
15 change has been coming about and anything else that the law
16 permits, but we're not going back and reopening the case
17 otherwise."  (CT, Feb. 4, 2008, 10:2-9).  Plaintiff's proposed
18 order provides for the reopening of discovery into (a) the
19 circumstances of the proposed rule; (b) the alleged mistake that
20 EPA described in the proposed rule; (c) this history of the
21 proposed rule, including the prior rulemaking that approved
22 District Rules 2020 and 2201; (d) the administrative activity
23 that has occurred with respect to how the alleged mistake was
24 discovered; (e) how the proposed rule came about; and (f)
25 anything else permitted by law.
26     Although the Court orally granted the request to reopen

discovery for the purposes described by Plaintiff, both Defendants and the Court have since had a full opportunity to consider the request.

Upon reconsideration, Plaintiff's request to reopen discovery is DENIED. The Court is concerned that the requested discovery in a case in which the EPA is not a party will impinge upon the EPA final rulemaking process and subsequent judicial review, if any. Plaintiff's concerns about the integrity of the rulemaking process can be addressed through the EPA rulemaking process and on judicial review, if permitted by the reviewing court. *See Sierra Club v. Costle*, 657 F.2d 298, 391 n.450 (D.C.Cir.1981); *South Terminal Corp. v. EPA*, 504 F.2d 646, 675 (1st Cir.1974).

ACCORDINGLY:

1. Defendants' motion for reconsideration is DENIED WITHOUT PREJUDICE;

2. Further proceedings in this action are STAYED pending the U.S. E.P.A.'s final action on the proposed rule, and any judicial review of that final rulemaking.

Dated: 3-7, 2008

OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

4